HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I join the majority in affirming the dismissal of Shah’s national-origin discrimination claim.
As to the age-discrimination claim, I respectfully dissent. I conclude that Shah presented sufficient evidence from which a reasonable jury could conclude that NXP’s purported reduction in force (RIF) was not bona fide,[1] and that the district court thus erred .in applying the heightened prima facie standard applicable in RIF cases. Soon after Bob Knoell informed Key that Visteon had let him go, Key emailed Freeman that it “would be good to get Bob on the team.” Freeman responded the same day, “Could you hire him and fire Girish [Shah]?” Key immediately responded, “You read my mind ... as you know difficult to fire quickly here, need to build a case etc. My thought is to eliminate the quality engineer role (Girish’s position), and hire Bob as a regional automotive quality mgr, (where he would also handle Girish’s accounts directly), so we could then RIF Girish, rather than fire him.” A reasonable jury, could infer from these communications that 1) the decision to “RIF” Shah was not based on an economic downturn, contrary to what NXP told Shah, and 2) NXP management sought the cover of NXP’s RIF policy because either it was easier to discharge an employee under an RIF than to “build a case” against an employee, and/or NXP management believed- that a termination labeled as pursuant to an RIF would fend off litigation. A reasonable jury could also conclude that there simply was no RIF; after all, the headcount in Key’s department did not decrease.
Even if Knoell did not replace Shah, under the traditional McDonnell Douglas burden-shifting analysis, Shah established a pñma facie case of age discrimination by showing membership in a protected class, an adverse employment action, that he was qualified for the position, and that a simi *497 larly. situated younger employee (Laituri) was not subject to the same adverse employment action. See Martin v. Toledo Cardiology Consultants, Inc., 548 F.3d 405, 410 (6th Cir.2008) (applying McDonnell Douglas burden-shifting framework in ADEA case). Regarding pretext, as discussed, Shah presented evidence from which a reasonable jury could' conclude that the purported RIF was not bona fide or that there was no RIF at all, or both. Thus, Shah satisfied his burden to produce sufficient evidence from which a jury could reasonably reject his employer’s explanation for firing him. Blizzard v. Marion Technical Coll., 698 F.3d 275, 285 (6th Cir.2012). “[P]retext is a commonsense inquiry: did the employer fire the employee for the stated reason or not?” Id., quoting Chen v. Dow Chem. Co., 580 F.3d 394, 400 n. 4 (6th Cir.2009). Whether Shah can meet his burden under the ADEA to show that age was the but-for cause of NXP’s adverse action is an open question. See Blizzard, 698 F.3d at 283. Nonetheless, viewing the facts in a light most favorable to Shah, NXP was not entitled to summary judgment.
Finally, I conclude that Shah’s claim under Michigan’s Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq., was also improperly dismissed, as the McDonnell Douglas burden-shifting framework applies and, unlike the ADEA, a plaintiff need show only that age was a motivating factor in the adverse employment action. See Hazle v. Ford Motor Co., 464 Mich. 456, 628 N.W.2d 515, 522 (2001) (once the employer articulates a legitimate, nondiscriminatory reason for its adverse employment action, “in order to survive a motion for summary disposition, the plaintiff must demonstrate that the evidence ..., when construed in the plaintiff’s favor, is sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action”) (internal quotations and citation omitted).

. Even if a jury were to conclude that there was a bona fide RIF, Key did not follow NXP's RIF policy as the district court concluded. It is undisputed that Key did not review the performance evaluations, productivity or qualifications of the FQEs before selecting Shah for termination. The NXP RIF policy provides that employees are selected based on a combination of factors, including job function, presence or absence of critical skills, past performance and productivity, qualification, attendance/punctuality, and corrective action status.